**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
CARLOS DANIEL MENDOZA RANGEL,
*individually and on behalf of others similarly
situated,*

                                 *Plaintiffs*,

               -against-

LEFT FOOT LLC (D/B/A THE PIG N WHISTLE),
MAGEE-MAHON CAFE, INC. (D/B/A THE PIG
N WHISTLE), EUGENE ANTHONY WILSON,
JOHN MAHON, and THERESA DOE

                               *Defendants.*
--------------------------------------------------------X

Index No. 18-cv-09894

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR FINAL APPROVAL OF SETTLEMENT

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42ⁿᵈ Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

<u>Table of Contents</u>

**Preliminary Statement**................................................................................................**1**

**Statement of Facts**....................................................................................................**1**

**Argument** ....................................................................................................................**1**

    The Proposed Settlement is fair, reasonable and adequate and warrants final approval.............1

    The Proposed Settlement allocation is fair, reasonable and adequate and should be approved...2

**Conclusion** .................................................................................................................**7**

## **Preliminary Statement**

Pursuant to Judge Carter's Order dated April 5, 2019, Plaintiff respectfully submit this memorandum of law in support of the approval of the proposed settlement agreement. The settlement was negotiated on an informed basis, and in light of the arguments raised, the proposed settlement agreement and the allocation contained therein is fair, reasonable and adequate, represents a favorable result and is in the best interest of the parties. For the reasons set out herein, Plaintiff's motion for approval of proposed settlement agreement should be granted.

## **Statement of Facts**

This is an action for money damages brought by Plaintiff Carlos Daniel Mendoza Rangel ("Plaintiff Mendoza" or "Plaintiff") as a collective action, on October 25, 2018. The action alleges violations of the FLSA, and violations of the NYLL. Specifically, Plaintiff alleges that he regularly worked above 40 hours per week for Defendants at their Irish Pub located at 58 W 48th street, New York, NY 10036 and did not receive accurate minimum and overtime pay. Plaintiff also alleges that Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL. (Complaint, Doc. 1).

Defendants categorically deny the allegations in the Complaint.

## **Argument**

### **The Proposed Settlement is fair, reasonable and adequate and warrants final approval**

Pursuant to Fed. R. Civ. P. 23(e)(2), the Settlement should be approved if the Court finds it "fair, reasonable, and adequate." Plaintiff Mendoza alleges he was entitled to back wages of approximately $4,262.05. Plaintiff Mendoza estimates that if he had recovered in full for his claims, he would be entitled to approximately $19,277.11, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff

Mendoza's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit A." The parties have agreed to settle this action for the total sum of $8,000. The settlement will be paid in one payment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff Mendoza's claims. Defendants were adamant that Plaintiff worked less hours than he claimed, and indicated they were willing to provide witnesses to this effect.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

**The Proposed Settlement allocation is fair, reasonable and adequate and should be approved**

Under the settlement, and in accordance with their retainer agreement with Plaintiff Mendoza, Plaintiff Mendoza will receive two thirds of the settlement amount, which equals to

$5,333.33. Plaintiff Mendoza's counsel will receive the remaining $2,666.67 from the settlement fund as attorneys' fees and costs (of which $1,988.67 are fees and $678 are costs). This represents one third of the recovery in this litigation (with costs) as well as a reduction in fees from what is identified in Plaintiff Mendoza's retainer agreement, which provides that forty percent of Plaintiff Mendoza's recovery will be retained by the firm, plus costs.

Plaintiff's counsel's lodestar in this case is $2,733.00. A copy of Plaintiff Mendoza's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein, the extensive negotiations necessary to reach the agreed-upon settlement and the fact that the amount requested is a reduction of Plaintiff's counsel's

lodestar (as per Exhibit B), Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. Plaintiff is seeking hourly rates of $450.00 for Attorney Michael Faillace; $100 for paralegal work. These rates are the hourly rates typically charged to clients of Michael Faillace & Associates, P.C., and are reasonable and appropriate to the level and skill of the attorneys who have represented Plaintiff. To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The Court may also rely on its knowledge of private firms' hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

While data about billing rates is most readily available for large law firms, and Michael Faillace & Associates, P.C. is a small law firm, the frequently reported increase in billing rates in the general legal market demonstrate that the market for legal services is not static. *See* Sara Randazzo and Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 Per Hour*, The Wall Street Journal, Feb. 9, 2016 available at  http://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-an-hour-1454960708 (viewed Sept. 26, 2016) (describing 3% to 4% annual rate increases at large law firms); Lisa Ryan, *BigLaw Keeps Raising its Billing Rates*, Oct. 20, 2015, available at

http://www.law360.com/articles/716738/biglaw-keeps-raising-its-billing-rates (viewed Sept. 26, 2016) (describing increases in legal billing rates).

The attorneys involved in this case are at the highest level of their profession and are well deserving of the requested rates. A brief biography of the attorney who performed billed work in this matter is as follows: I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

There are entries on the billing records for PL which designates paralegal work at a rate of $100 per hour. Plaintiff's counsel contends is a fair market rate for paralegal work within Manhattan. See e.g. Muñoz v. Manhattan Club Timeshare Ass'n, No. 11-CV-7037 (JPO), 2014 U.S. Dist. LEXIS 132166 (S.D.N.Y. 2014) ("Several recent cases from this district have held that paralegal time is reasonably billable at between $75 and $200 per hour").

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Faillace, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); *Najera v. 144 Ninth Gotham Pizza, Inc.*, Index No. 12-cv-3133 (DLC) (S.D.N.Y. February 24, 2017) (awarding

requested rates to Faillace and Clark, finding rates "reasonable given the complexity of this litigation and the favorable results obtained"). Although some cases have declined to award attorneys from Michael Faillace & Associates, P.C. their requested rates, *see id.* (citing *Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015)), the rates are justified here, as they were in *Perez*, by the quality of work performed by Plaintiff's attorneys.

"After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa*, Inc.,2012 U.S. Dist. LEXIS 67058 at *13 (S.D.N.Y. May 14, 2012). The Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 U.S. Dist. LEXIS 76543, 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 U.S. Dist. LEXIS 76540, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006).

The Court should examine contemporaneous time records that identify the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also rely on its own experience with the case, as well as its experiences with similar submissions and arguments as additional support. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). *But see Scott*, 643 F.3d at 58 ("award based

entirely on the district court judge's personal observation and opinions of the applying attorney . . . is contrary to *Carey*"). Ultimately, "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer." *Id*. (citations omitted).

Plaintiff requests compensation for the 8.30 hours of billed time. Here, Plaintiff's request for compensation for hours of time is eminently reasonable. This time period reflects the amount of work preparing the complaint and the client, and leading up to the acceptance of the settlement offer at issue. In total, Plaintiffs request attorneys' fees, before costs and expenses, of $2,055.

Furthermore, Plaintiff is entitled to reasonable costs; see *Smith v. Nagai*, No. 10 Civ. 8237 (PAE) (JCF), 2012 U.S. Dist. LEXIS 89352, 2012 WL 2421740, at *6 (S.D.N.Y. May 15, 2012) (noting documented costs "are fully compensable under the FLSA"), *report & rec. adopted*, 2012 U.S. Dist. LEXIS 89353, 2012 WL 2428929 (S.D.N.Y. June 27, 2012); *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("Fee awards include 'reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.') (*quoting LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted)). Plaintiff seeks costs associated with court filings[1], and service of process, as documented in Exhibit B. These costs total to $678.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the proposed settlement agreement in this matter.

Dated:     New York, New York
           May 3, 2019

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By:     /s/ Michael Faillace

---

[1] Plaintiff requests the Court take judicial notice of the filing fee in this District.

Michael Faillace
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*